JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1777 PA (MRWx) | Date | June 25, 2015 |
|---|---|---|---|
| Title | Tiffany Calhoun v. Bank of America, N.A. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Bank of America, N.A. ("Defendant"). Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Tiffany Calhoun ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id.[1/]

---

[1/]   Defendant cites Long v. Empire Today, LLC, 2014 U.S. Dist. LEXIS 617, CV 13-07079 SJO (Ssx), at *4 (C.D. Cal. Jan. 3, 2014) for the proposition that "[a] person's residence can be prima facie evidence of citizenship." This is an unpublished opinion that relies on authority from the Tenth Circuit. The Court must follow the Ninth Circuit's opinion in Kanter.

UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS - 6

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-1777 PA (MRWx) | Date | June 25, 2015 |
|---|---|---|---|
| Title | Tiffany Calhoun v. Bank of America, N.A. | | |

    The Notice of Removal alleges that Plaintiff is a citizen of the state of California because "[r]ecords from Plaintiff's employment with Defendant reveal the Plaintiff lived in California during her entire employment" and because "Plaintiff alleges in her Complaint that she is and was 'at all relevant times,' a resident of 'Los Angeles County.'"  Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations of Plaintiff's citizenship, based on allegations of residence, are insufficient to establish Plaintiff's citizenship.  See Kanter, 265 F.3d at 857.  "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."  Id.; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963).  As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

    For the foregoing reason, Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to the Los Angeles County Superior Court, Case No. BC566319.  See 28 U.S.C. § 1447(c).

    IT IS SO ORDERED.